THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>THE LIFE IS GOOD COMPANY,<br><br>Defendant. | Case No. 2:26-cv-00106-JHC<br><br>FIRST AMENDED CLASS ACTION COMPLAINT (RCW 19.190, 19.86) AND REQUEST FOR JURY TRIAL |

## I. NATURE OF THE ACTION

1. This is a class action brought by Named Plaintiff Christina Jackson ("Jackson" or "Named Plaintiff") against The Life is Good Company ("Life Is Good" or "Defendant") for false and misleading email marketing.

2. Defendant sends three types of emails to Washington consumers which contain false or misleading information in the subject lines.

3. First, Defendant sends emails with subject lines that falsely represent offers as "free gifts" ("Free Gift Emails") without disclosing required conditions, such as minimum purchase amounts.

4. The subject lines of the Free Gift Emails falsely imply that "free" gifts are being provided unconditionally and at no cost to the recipient. However, upon opening the email, the body reveals that the "free" gifts require qualifying purchases.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

5. The Free Gift Emails contain subject lines that are false or misleading because they contain misrepresentations and omit material conditions and lead reasonable consumers to believe the gifts are truly free without having to make a minimum purchase. These representations and omissions are material as they induce reasonable consumers to open emails and consider purchases they might otherwise ignore, affecting purchasing decisions.

6. Under FTC guidelines at 16 C.F.R. § 251.1(b), the term "free" indicates that the recipient pays nothing for the item and no more than the regular price for any required purchase. Defendant's Free Gift Emails "free gift" offers are not free but contingent on purchases, and these conditions are not disclosed "at the outset" as required by 16 C.F.R. § 251.1(c), creating a reasonable probability of misunderstanding. Defendant knowingly omits these conditions in the Free Gift Emails subject lines to entice opens and purchases, as evidenced by their pattern of conditional promotions and repeated use of similar subject lines across campaigns for years.

7. Second, Defendant sends emails with subject lines that falsely represent unqualified discounts on purchases without disclosing material exclusions ("Percentage Discount Emails"). The subject lines of the Percentage Discount Emails imply a straightforward percentage discount on the recipient's entire purchase (such as "30% OFF EVERYTHING"), without limitations or exclusions, enticing consumers to open the email in anticipation of a universal bargain. Upon opening the email, however, the body reveals that there are significant exclusions that do not qualify for the percentage discount.

8. The Percentage Discount Emails contain subject lines that are false or misleading because they omit material exclusions, leading reasonable consumers to believe that they will receive the promised percentage discount on their entire purchase. These omissions are material as they mislead reasonable consumers about the discount's scope, inducing interest in purchases that may not qualify and affect purchasing decisions.

9. Under FTC Guides Against Deceptive Pricing at 16 C.F.R. § 233.1, bargain advertising like percentage-off offers must be genuine and not deceptive; reductions should be from a regular price without undisclosed limitations that undermine the claimed savings.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

10. Defendant's Percentage Discount Emails that contain subject lines with unqualified percentage discounts "off your purchase" are misleading as the exclusions contained in the fine print within the body of the email substantially restrict the offer's applicability, failing to disclose terms "at the outset" in a manner that avoids misunderstanding. Defendant knowingly omits these exclusions in Percentage Discount Emails subject lines to drive email opens and engagement, as evidenced by their consistent use of fine-print disclaimers in promotional emails.

11. Third, Defendant sends emails that misstate the duration of given promotions, in an apparent effort to drive sales by creating a false sense of urgency ("Limited Sale Emails"). These misstatements are material because they mislead reasonable consumers about sale durations, inducing urgency that affects purchasing decisions, as recognized by the FTC in 16 C.F.R. § 233.5.

12. The subject lines of the Limited Sales Emails falsely claim that a certain sale or discount is limited to a specific time, such as "Last Day," when, in reality, the offer lasts longer than advertised or the item has already been on sale for longer than advertised.

13. Defendant also uses its preconceived "sale extensions" as an excuse to send consumers additional emails purporting to notify them that a sale is ending or that a sale has been extended. This practice causes consumers' inboxes to become inflated with spam.

14. Defendant's practice of sending Free Gift Emails, Percentage Discount Emails, and Limited Sale Emails that contain false and misleading information in the subject line violates the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the Washington Consumer Protection Act, RCW 19.86.

15. By sending Free Gift Emails, Percentage Discount Emails, and Limited Sale Emails with false and misleading information to Named Plaintiff and the Class (defined below), Defendant clogs email inboxes with false information and violates Named Plaintiff and Class members right to be free from deceptive commercial emails.

16. Named Plaintiff brings this action as a class action on behalf of persons residing in Washington who also received Defendant's false and misleading emails. Named Plaintiff requested relief includes an injunction to end these practices, an award to Named Plaintiff and



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

Class members of statutory damages under RCW 19.190.040(1) and treble damages under RCW 19.86.090 for each illegal email sent, and an award of attorneys' fees and costs.

## II. PARTIES

17. Named Plaintiff Jackson is a citizen of Washington State, residing in Clark County, Washington.

18. Named Plaintiff signed up on Defendant's online marketplace to receive commercial electronic mail from Life is Good.

19. Named Plaintiff has clicked on images and links contained in commercial electronic mail from Defendant that directed her to Defendant's online marketplace.

20. Named Plaintiff received the commercial electronic mail alleged herein from Defendant while in the state of Washington.

21. Defendant Life Is Good is a company headquartered in New Hampshire and at all relevant times in the past has engaged in substantial business activities in Washington.

22. Defendant owns and operates a large and highly interactive online marketplace where Defendant invites consumers to shop for goods sold by Defendant and input data directly.

23. Defendant's online marketplace is located on the internet at www.lifeisgood.com.

24. Defendant regularly sends commercial electronic mail to consumers throughout Washington.

25. Defendant has data both from purchases and otherwise collected directly from consumers, computer programs, and third-party sources to identify the location of its email recipients.

26. Defendant uses cookies, web beacons, and other tracking technologies including third-party offerings to identify consumer location and to create consumer profiles.

27. Defendant collects both location and geo-location data from consumers when they subscribe to receive commercial electronic mail on Defendant's online marketplace.

28. Defendant uses tracking tools to identify the IP Address and location of a consumer that clicks through a commercial electronic mail.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

29. Through geolocation tracking and IP Address detection Defendant is able to identify the consumer's state, city, and zip code.

30. Defendant also receives its customer's location through device ID, Wi-Fi network, and GPS signals when its customers interact with commercial electronic emails and/or subscribe to emails and/or make a purchase.

31. Specifically, Defendant "automatically collect[s] certain information about your interaction with the [online marketplace] us[ing] cookies, pixels and similar technologies" including "how you access and use the Site and your account, including device information, browser information, information about your network connection, your IP address and other information regarding your interaction with the Services." www.lifeisgood.com/policies/privacy-policy.

32. Defendant's online marketplace exists on the Shopify platform.

33. Defendant is able to detect and store each online marketplace visitor's device identifier and location through the Shopify platform.

34. Defendant sent the false and misleading commercial electronic mail described below to thousands of Washington residents with knowledge that these email recipients were Washington residents.

35. Defendant also sells its products in physical store locations throughout the state, and sends the marketing emails at issue in this Complaint to consumers throughout Washington.

## III. JURISDICTION AND VENUE

36. This Court has subject matter jurisdiction over this civil action pursuant to, without limitation, Section 6 of Article IV of the Washington State Constitution (Superior Court jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer Protection Act claims) and RCW 19.190.090 (Superior Court jurisdiction over Commercial Electronic Mail Act claims).

37. This Court has personal jurisdiction over Defendant under RCW 4.28.185. This Court may exercise personal jurisdiction over the out-of-state Defendant because the claims



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

alleged in this civil action arose from, without limitation, Defendant's purposeful transmission of electronic mail messages to consumers within the State of Washington. In addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-state actions would have a consequence within Washington.

38. This Court also has personal jurisdiction over Defendant under RCW 19.86.160. For example, and without limitation, Defendant engaged and is continuing to engage in conduct in violation of RCW 19.86 which has had and continues to have an impact in Washington which said chapter reprehends.

39. Venue is proper in Clark County Superior Court because Defendant has its residence in Clark County. RCW 4.12.025. Currently and at all relevant times, Defendant has transacted business in Clark County, including without limitation by sending the marketing emails alleged herein to residents of Clark County, and selling its products in stores for the transaction of business within Clark County.

## IV. FACTUAL ALLEGATIONS

### A. The CEMA prohibits initiating or conspiring to initiate the transmission of commercial emails that contain any false or misleading information in the subject lines.

40. Washington's Commercial Electronic Mail Act ("CEMA") regulates deceptive email marketing.

41. "CEMA was enacted to protect concrete interests in being free from deceptive commercial e-mails. CEMA's prohibition on sending commercial e-mails with false or misleading subject lines . . . creates a substantive right to be free from deceptive commercial emails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D. Wash. 2019).

42. The Washington Supreme Court recently confirmed this understanding, holding that RCW 19.190.020(1)(b) "prohibits the use of any false or misleading information in the subject line of a commercial e-mail." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 583 (2025).

43. An injury occurs any time a commercial email is transmitted that contains false or misleading information in the subject line. *Id*. at 1011. In *Brown*, the Washington Supreme Court



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

reaffirmed that "the injury is receiving the e-mail that violates CEMA," and that a plaintiff need not show actual damages to recover statutory damages. *Brown*, 4 Wn.3d at 585.

44. Under CEMA, it is irrelevant whether misleading commercial emails were solicited. *Harbers*, 415 F. Supp. 3d at 1011. The Washington Supreme Court echoed this point in *Brown*, emphasizing that the statute is not limited to deception about the nature or solicitation of the message but applies broadly to any false or misleading subject line. *Brown*, 4 Wn.3d at 590, 594.

45. CEMA creates an independent but limited private right of action which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line. RCW 19.190.030(1)(b). A plaintiff who successfully alleges and proves such a violation may obtain, among other things, an injunction against the person who initiated the transmission. RCW 19.190.090(1). In addition, the statute authorizes statutory damages of $500 per violation. RCW 19.190.040(1); *see also Brown*, 4 Wn.3d at 585 (confirming that no showing of actual damages is required to recover statutory damages under CEMA).

46. It is a violation of the Consumer Protection Act, RCW 19.86 *et seq*., to initiate the transmission or conspire with another person to initiate the transmission of a commercial electronic mail message that contains false or misleading information in the subject line. RCW 19.190.030(1). As the Washington Supreme Court explained, CEMA violations are *per se* violations of the CPA because the Legislature recognized that such conduct is categorically contrary to the public interest. *Brown*, 4 Wn.3d at 592.

47. To establish a violation of Washington's CPA, a claimant must establish five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that affects the public interest, (4) injury to plaintiff's business or property, and (5) causation. *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co*., 719 P.2d 531, 533 (Wash. 1986).



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

48. Washington and federal courts have held that a plaintiff states a CPA claim solely by alleging a violation of the CEMA. *See State v. Heckel*, 143 Wash.2d 824, 24 P.3d 404, 407 (2001).

**B. Defendant initiates or conspires to initiate the transmission of commercial emails that contain false or misleading information in the subject lines.**

49. Defendant has initiated (or conspired to initiate) the transmission of hundreds of commercial electronic mail messages with false or misleading subject lines to Named Plaintiff and the Class. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Defendant also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

50. Defendant sent the emails for the purpose of promoting its goods for sale.

51. The emails were sent at Defendant's direction and were approved by Defendant.

**1. "Free Gift" Emails**

52. Defendant frequently sends emails with subject lines stating that a "free" gift is available to the recipient of the email. The body of these emails (and fine print), however, contains conditions that must be satisfied in order for the recipient to receive their promised "free gift" that, as it turns out, is not actually free.

53. For example, on May 31, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "It's Big. It's Comfy. It's FREE."

54. After opening the email, the message clarifies that there is no "free" item. Rather, Named Plaintiff and Class members were required to spend "$125+" in order to receive the "XL Beach Towel[.]"

55. Although the subject line promoted a "free" item that turns out to have a "$39.95 Value[,]" the minimum cost associated with this "free" item that Named Plaintiff and Class members had to spend to receive the XL Beach Towel was more than $125.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

56. Defendant knew when it sent the May 31, 2025 email that Named Plaintiff and Class members were not being offered anything for "free" and that a large minimum purchase requirement existed.

57. On September 30, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "Roomy. Packable. And FREE."

58. On October 9, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "ENDS TONIGHT: FREE Backpack!"

59. After opening the September 30, 2025 email or October 9, 2025 email, the messages clarify that there is no "free" item. Rather, Named Plaintiff and Class members were required to spend "$80+" in order to receive the "Packable Travel Bag[.]"

60. Although the subject line promoted a "free" item, the minimum cost associated with this "free" item that Named Plaintiff and Class members had to spend to receive the Packable Travel Bag was more than $80.

61. Defendant knew when it sent the September 30 and October 9, 2025 emails that Named Plaintiff and Class members were not being offered anything for "free" and that a large minimum purchase requirement existed.

62. These "Free Gift" subject lines imply that one or more "free gifts" are being provided unconditionally and at no cost to the recipient.

63. Upon opening the email, however, the body reveals that the "free gifts" require a qualifying minimum purchase of more than eighty dollars ($80.00) or more than one hundred twenty-five dollars ($125.00).

64. In addition, Defendant further restricts the "free gift" offer in the fine print of the email by noting that exclusions apply, that the "free gift" is only valid while supplies last.

65. Because the recipient is required to spend a certain dollar amount before being entitled to a "free" gift, any subject line that contains a statement implying that the recipient will receive an unconditional "free gift" is false.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

66. By Defendant's own admission, there is a dollar purchase requirement for the free gift.

67. And Defendant understands how to restrict an offer in the subject line of an email because from time to time, Defendant does in fact restrict the availability of the "free gift" in the subject line.

68. For instance, on April 10, 2025, Defendant sent Class members an email with a subject line that stated: "FREE Tote Bag with $99+ Orders!"

**2. Percentage Discount Emails**

69. Defendant frequently sends emails with subject lines promising a percentage off the recipient's purchase. The body of these emails (and fine print), however, contains significant and material exclusions.

70. The subject line of the Percentage Discount Emails will state that "everything" is discounted and the body of the email will prove that this assertion is false.

71. For example, on November 16, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "25%. Off. Everything."

72. On December 1, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "[gift box emoji] 30% OFF EVERYTHING [gift box emoji.]

73. These subject lines imply that a straightforward discount will be applied on the recipient's purchase, without limitations or exclusions.

74. Defendant knew when it sent the November 16 and December 1, 2025 emails that Named Plaintiff and Class members were not being offered "30% OFF EVERYTHING" and that a large amount of inventory on Defendant's website was excluded from the universal promotion.

75. The fine print at the bottom of each email states that many exclusions will apply from the unqualified offer in the subject line.

76. Far from "OFF EVERYTHING[,]" Defendant only includes in its promotion "[f]ull priced items[.]" And excluded from the "OFF EVERYTHING" promotion are "custom items, donations, The Playmaker Project Giving Tee, the Life is Good Superpower Kit, eGift cards,



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

flowers, gift wrap, Product & Apparel bundles, Martin Guitar, Outdoor Furniture & Beach Chairs and Sale items. Other exclusions may apply."

77. Thus, if the recipient purchases any product or service that is excluded from the discount, they will not receive the discount offered in the subject line.

**3. Limited Sale Emails**

78. Defendant also frequently sends emails with subject lines advertising the "limited" nature of sales, discounts, and prices. For example, Defendant sends emails that state a sale is ending or is "limited" implying urgency and finality, but then follows up with extensions of the same offer. By stating that a sale is only on for a limited time, Defendant suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before it ends. Defendant knowingly understates sale durations in subject lines, as evidenced by their routine extensions of advertised "limited" periods, to create this false urgency. These misstatements are material because they mislead reasonable consumers about sale durations, inducing urgency that affects purchasing decisions, as recognized by the FTC in 16 C.F.R. § 233.5.

79. Defendant's Limited Sales Emails are false or misleading because the sales, discounts, and prices advertised as limited in time are not actually limited in time, as Defendant routinely extends them beyond the advertised end dates.

80. Defendant knows when it sends its limited sales emails that the sale will not end and will continue beyond the stated date.

81. For instance, on June 30, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "BANG! [star emoji] 40% OFF + 20% OFF[.]"

82. The offer in the June 30, 2025 subject line was qualified in the body of the email in that the sale was "Limited Time Only" and was only valid "through 07/03/2025 at 11:59 PM PT."

83. Nonetheless, on July 4, 2025, Defendant sent Named Plaintiff and Class members an email with a subject line that stated: "[emoji] EXTENDED [emoji] 40% OFF + Extra 20% Off[.]"



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

84. The offer in the July 4, 2025 subject line clarified that the "Limited Time Only" sale that was originally only valid through "through 07/03/2025 at 11:59 PM PT" was "EXTENDED" "through 07/04/2025 at 11:59 PM PT."

85. On November 29, 2025, Defendant began promoting its Cyber Monday Sale with a subject line to Named Plaintiff and Class members stating "EARLY ACCESS: Cyber Monday Sale!" which was "valid only . . . through 12/01/2025 at 11:59PM PT."

86. The Cyber Monday Sale promised "30% OFF EVERYTHING[.]

87. On November 30, 2025, Defendant continued promoting its Cyber Monday Sale to Named Plaintiff and Class members with a subject line "CYBER [gift box emoji] MONDAY [gift box emoji] SALE" which was "valid only . . . through 12/01/2025 at 11:59PM PT."

88. On Monday, December 1, 2025, Defendant continued promoting its Cyber Monday Sale to Named Plaintiff and Class members with a subject line "[gift box emoji] 30% OFF EVERYTHING [gift box emoji]" which was "valid only . . . through 12/01/2025 at 11:59PM PT."

89. Again, on Monday, December 1, 2025, Defendant told Named Plaintiff and Class members that the Cyber Monday Sale "ENDS AT MIDNIGHT" and included a subject line stating "30% Off EVERYTHING Ends at Midnight [clock emoji.]"

90. But the Cyber Monday Sale did not end on Cyber Monday on December 1, 2025 as represented. Rather, on Tuesday, December 2, 2025, Defendant sent an email to Named Plaintiff and Class members stating "CYBER MONDAY SALE EXTENDED" with a subject line stating "Our Gift to You: 30% OFF Extended[,]" expressly extending the same promotion beyond the advertised deadline.

91. And on December 3, 2025, Defendant made it clear that "CYBER MONDAY" Sale had only "HOURS LEFT" where the subject line of an email sent to Named Plaintiff and Class members stated that it was your "LAST CHANCE: 30% OFF EVERYTHING[.]"

92. But it turns out it was not the last chance to make a purchase during the Cyber Monday Sale. Because on December 8, 2025, Defendant sent an email to Named Plaintiff and



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

Class members stating "CYBER MONDAY SALE . . . 30% OFF EVERYTHING" with a subject line stating "Cyber Monday … DÉJÀ VU!"

93. Defendant exerted pressure on its customers to open emails and make purchasing decisions based on a fiction that a sale was limited in time.

94. But each sale described herein was not limited by the duration of the terms contained in the subject lines and email messages because Defendant had planned to continue each promotion past the initial advertised duration prior to the date each email was sent.

95. For instance, and as described above, Defendant promotes a "Cyber Monday Sale" offering "30% OFF SITEWIDE" or "30% OFF EVERYTHING" each year since at least 2018.

96. And each "Cyber Monday Sale" commercial electronic mail campaign claims to end on Cyber Monday but Defendant always extends the "Cyber Monday Sale" beyond Cyber Monday.

97. Moreover, each year since 2022, Defendant brings the "Cyber Monday Sale" back several days later with an email subject line stating "Cyber Monday déjà vu" offering the identical "30% OFF" promotion that was supposed to expire on Cyber Monday.

98. The limited time sales were also not limited in time because Defendant repeated the same "30% OFF" promotion by sending more than two hundred emails promoting this identical sale from time to time.

99. By falsely stating the limited duration of the sale when that sale is regularly available and issuing serial "extension" emails, Defendant intentionally misled consumers regarding the true time limits of the offer.

**C. Named Plaintiff and Washington residents have received commercial emails from Defendant that contain false or misleading information in the subject lines.**

100. Defendant sent the misleading commercial emails to email addresses that Defendant knew, or had reason to know, were held by Washington residents, either because (i) Defendant had a physical Washington address that was associated with the recipient; (ii) Defendant had access to data regarding the recipient indicating that they were in Washington state; or (iii)



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

information was available to Defendant upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

101. Defendant knows where many of its customers reside through several methods.

102. First, for any person that places an order online from Defendant, Defendant associates an email address with a shipping address and/or billing address for that order.

103. Second, Defendant encourages online shoppers to create online accounts. Customers save information in their Defendant accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

104. Third, discovery will show that Defendant employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Defendant’s marketing emails, including by identifying their physical location.

105. Fourth, Defendant also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Defendant's marketing emails and that visit its website.

106. Fifth, discovery will also show that Defendant employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

107. Lastly, Defendant also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

108. At all times relevant to this Complaint, Named Plaintiff resided in Washington.

109. Named Plaintiff has received Defendant’s emails for several years.

110. Named Plaintiff has received hundreds of marketing emails from Defendant within the last four years, and typically receives more than three emails every week.

111. Named Plaintiff receives emails from Defendant through email providers that have data limits. Named Plaintiff currently has several hundred emails from Defendant in her inboxes,



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

but discovery will show that she has received more emails that she has deleted to conserve the finite space available in her email inbox.

112. Defendant knows, or has reason to know, that Named Plaintiff and Class member email addresses are held by Washington residents.

113. Named Plaintiff and Class members provided email addresses when they subscribed to receive emails from Defendants.

114. Named Plaintiff and Class members have also repeatedly clicked on links contained in Defendants' emails from their computers and cell phones and visited Defendant's online marketplace which was registered to an IP address in Washington at all relevant times.

115. Named Plaintiff and Class members provided an email address, home address, and phone number each time they created an account with Defendants reflecting their Washington address and residency.

116. Named Plaintiff and Class members also added a billing address and shipping address each time they made a purchase from the Defendants' online marketplace using their accounts connected to their email addresses that have been delivered to their homes in Washington.

117. Defendants captured Named Plaintiff and Class member IP addresses and geolocation information in the state of Washington at the time they subscribed to receive emails and each time they clicked on a link from an email they received from Defendant or visited Defendant's online marketplace through the use of cookies, web beacons, and other tracking technologies including third-party offerings.

118. Named Plaintiff and Class members received the emails with false and misleading subject lines described above to the email addresses connected to the email address provided to Defendant.

119. Named Plaintiff and Class members received additional emails with false and misleading subject lines from Defendants.

120. Defendant sent these emails to Named Plaintiff and Class members for the purpose of promoting Defendant's goods for sale.

121. Defendant initiated the transmission or conspired to initiate the transmission of these commercial electronic mail messages to Named Plaintiff and Class members.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

122. Named Plaintiff and Class members do not want to receive emails with false and misleading subject lines from Defendant, though they would like to continue receiving truthful information from Defendant regarding its products.

123. Due to Defendant's conduct, however, Named Plaintiff and Class members cannot tell which emails from Defendant contain truthful information or which emails are spam with false and misleading information designed to spur them to make a purchase.

124. Named Plaintiff has identified other emails from Defendant with false and misleading subject lines. These emails were sent between November 2021 and the date this Complaint was filed, showing that Defendant engaged in this conduct throughout the relevant time period.

125. Named Plaintiff and Class members continue to receive emails with false and misleading subject lines. Because Named Plaintiff has deleted some of the emails she has received from Defendant, she is not presently able to identify all the emails with false and misleading subject lines she has received. Defendant is aware of all the emails it has sent Named Plaintiff and discovery will show the full number of illegal false and misleading emails Defendant has sent throughout the relevant time period.

## V. CLASS ACTION ALLEGATIONS

126. Class Definition. Pursuant to Civil Rule 23(b)(3), Named Plaintiff brings this case as a class action on behalf of a Class defined as:

> All Washington residents[1] who, within four years before the date of the filing of this complaint until the date any order certifying a class is entered, received an email from or at the behest of Defendant that contained a subject line stating or implying that 1) a "free gift" or "free [item]" was being offered to the recipient, with no purchase requirement or any conditions or exclusions; 2) a percentage discount off would apply to the recipient's purchase off "everything" with no conditions or exclusions; or 3) a sale, discount, price, or other offer would end soon or on a definitive date, and the

[1] Residents" shall have the same meaning as "persons" as defined in RCW 19.190.010(11) and RCW 19.86.010(a).



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

> sale, discount, price, or other offer continued to be offered for at least an additional day.
>
> Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

127. Numerosity. The Class is so numerous that joinder of all members is impracticable. The Class has more than 100 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

128. Commonality. There are numerous questions of law and fact common to Named Plaintiff and members of the Class. The common questions of law and fact include, but are not limited to:

a. Whether Defendant sent commercial electronic mail messages with false and misleading information in the subject lines;

b. Whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

c. Whether a violation of RCW 19.190.020 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq.*;

d. Whether Named Plaintiff and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and

e. The nature and extent of Class-wide damages.

129. Typicality. Named Plaintiff's claims are typical of the claims of the Class. Named Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

130. Adequacy. Named Plaintiff will fairly and adequately protect the interests of the Class. Named Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions. Counsel for Named Plaintiff have significant experience representing consumers in cases involving violations of



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

CEMA. Named Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Class.

131. Predominance. Defendant has a standard practice of initiating or conspiring to initiate commercial electronic mail messages to email addresses held by Washington State residents. The common issues arising from this conduct predominate over any individual issues. Adjudication of these issues in a single action has important and desirable advantages of judicial economy.

132. Superiority. Named Plaintiff and members of the Class have been injured by Defendant's unlawful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The members of the Class are readily identifiable from Defendant's records and there will be no significant difficulty in the management of this case as a class action.

133. Injunctive Relief. Defendant's conduct is uniform as to all members of the Class. Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole. Named Plaintiff further alleges, on information and belief, that the emails described in this Complaint are substantially likely to continue in the future if an injunction is not entered.

## VI. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
(Violation of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq.*)

134. Named Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

135. Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a commercial



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that contains false or misleading information in the subject line. These prohibitions target falsity or deception, as interpreted in *Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025).

136. Defendant is a "person" within the meaning of the CEMA, RCW 19.190.010(11).

137. Defendant initiated the transmission or conspired to initiate the transmission of one or more commercial electronic mail messages to Named Plaintiff and proposed Class members with false or misleading information in the subject line.

138. Defendant's acts and omissions violated RCW 19.190.020(1)(b). Defendant knew or had reason to know of the falsity of the subject lines, as shown by its repeated patterns of omitting conditions and exclusions in subject lines while burying them in the fine print of the body of the email.

139. Defendant's acts and omissions injured Named Plaintiff and proposed Class members, as receipt of such misleading emails constitutes injury under CEMA and the CPA as a matter of law, clogging inboxes and wasting time.

140. The balance of the equities favors the entry of permanent injunctive relief against Defendant. Named Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A permanent injunction against Defendant is in the public interest. Defendant's unlawful behavior is, based on information and belief, ongoing as of the date of the filing of this pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

141. Pursuant to RCW 19.190.040(1), Named Plaintiff and each Class member is entitled to the greater of $500 per commercial electronic mail message sent in violation of RCW 19.190.020(1)(b) or actual damages.

142. In addition, Named Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

**SECOND CLAIM FOR RELIEF**
(*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq.*)

143. Named Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

144. Named Plaintiff and Class members are "persons" within the meaning of the CPA, RCW 19.86.010(1).

145. Defendant violated the CEMA by initiating or conspiring to initiate the transmission of commercial electronic mail messages to Named Plaintiff and Class members that contain false or misleading information in the subject line, amounting to material deception.

146. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq*. RCW 19.190.030.

147. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law.

148. Defendant's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100.

149. Defendant's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100.

150. Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial electronic mail message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law.

151. Defendant engaged in a pattern and practice of violating the CEMA. As a result of Defendant's acts and omissions, Named Plaintiff and Class members have sustained damages, including $500 in statutory damages, for each and every email that violates the CEMA. The full amount of damages will be proven at trial. Named Plaintiff and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977

152. Under the CPA, Named Plaintiffs and members of the Class are also entitled to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the future.

153. Defendant's deceptive practices are ongoing and likely to continue absent injunction, as evidenced by its consistent email patterns, vitally affecting the public interest in truthful commercial communications.

## VII. REQUEST FOR RELIEF

WHEREFORE, Named Plaintiff, on her own behalf and on behalf of the members of the Class, requests judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Named Plaintiff as Class Representative;

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court grant injunctive relief as permitted by law to ensure that Defendant will not continue to engage in the unlawful conduct described in this Complaint;

E. That the Court enter a judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the CEMA;

F. That Defendant be immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

G. That Named Plaintiff and all Class members be awarded statutory damages in the amount of $500 for each violation of the CEMA pursuant to RCW 19.190.040(1) and treble damages pursuant to RCW 19.86.090;

H. That the Court enter an order awarding Named Plaintiff reasonable attorneys' fees and costs; and

I. That Named Plaintiff and all Class members be granted other relief as is just and equitable under the circumstances.

## VIII. TRIAL BY JURY

Named Plaintiff demands a trial by jury for all issues so triable.

Dated this 2nd day of April, 2026 Respectfully submitted,

Z LAW, LLC

/s/ David M. Trojanowski (WSBA # 56258)_____
David M. Trojanowski, Esq. (WSBA # 56258)
2345 York Road, Suite B-13
Timonium, Maryland 21093
(443) 213-1977
dmt@zlawmaryland.com

*Attorneys for Named Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 2nd day of April, 2026.

*s/ David M. Trojanowski*
David M. Trojanowski, Esq.



Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, MD 21093
Tel: 443-213-1977